842 F.2d 1308
 269 U.S.App.D.C. 13
 OFFICE OF CONSUMERS' COUNSEL, STATE OF OHIO, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Public Service Commission of the State of New York, Public
Service Commission of West Virginia, Process Gas Consumers
Group, Columbia Gas Distribution Companies, UGI Corporation,
Dayton Power and Light Company, Columbia Gas Transmission
Corporation, Pennsylvania Gas and Water Company, Consumer
Advocate for the Commonwealth of Pennsylvania, Washington
Gas Light Company, Interstate Natural Gas Association of
America, Cities of Charlottesville and Richmond, Virginia,
Consumer Advocate Division of the Public Service Commission
of West Virginia, Cincinnati Gas & Electric Company, et al.,
Baltimore Gas and Electric Company, Public Utilities
Commission of Ohio, Texas Eastern Transmission Corporation,
Transwestern Pipeline Company, Exxon Corporation, Maryland
Office of People's Counsel, Intervenors.
 Nos. 84-1099, 84-1100, 84-1135, 84-1142, 84-1143, 84-1146,
84-1179 and 84-1444.
 United States Court of Appeals,
District of Columbia Circuit.
 March 29, 1988.
 
 Frederick Moring and Jennifer N. Waters, Washington, D.C., were on the second renewed motion of Associated Gas Distributors to enforce the mandate.
 Jerome M. Feit, Sol., and Joel M. Cockrell, F.E.R.C., Washington, D.C., were on the motion of the F.E.R.C. to enlarge the mandate.
 John H. Pickering, Timothy N. Black, Gary D. Wilson, Neal T. Kilminster, Susan McAndrew, Washington, D.C., Stephen J. Small, Charleston, W.Va., Ronald N. Carroll, Baltimore, Md., and Giles D.H. Snyder, Charleston, W.Va., were on the response of Columbia Gas Transmission Corp.
 C. Roger Hoffman, Douglas W. Rasch, Houston, Tex., Charles M. Darling IV and Stephen L. Teichler, Washington, D.C., were on the reply of Exxon Corp.
 Before WALD, Chief Judge, MIKVA and EDWARDS, Circuit Judges.
 Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.
 HARRY T. EDWARDS, Circuit Judge:
 
 
 1
 This case, which has already resulted in two published opinions from this court, is before us again on cross-motions by petitioners Associated Gas Distributors et al. ("AGD") to enforce the mandate, and by respondent Federal Energy Regulatory Commission ("FERC" or "Commission") to "enlarge" the mandate to encompass the remedy it has adopted. For the reasons that follow, we grant FERC's motion and deny that of AGD.
 
 
 2
 Our principal opinion in this case was issued over two years ago. In Office of Consumers' Counsel, State of Ohio v. FERC ("OCC I "), 783 F.2d 206 (D.C.Cir.1986), we affirmed the Commission's finding that certain practices and contract clauses of Columbia Gas Transmission Corporation ("Columbia") were imprudent under section 5 of the Natural Gas Act, 15 U.S.C. Sec. 717d (1982), and we directed the Commission to determine and order a remedy for these violations.[1] In so doing, however, we made clear that we were leaving it to FERC to determine the appropriate cure: "We do not presume to dictate or even suggest appropriate remedies for Columbia's section 5 violations." 783 F.2d at 236.
 
 
 3
 Last year we granted a motion by AGD to enforce the mandate, finding that FERC's Order on Remand of May 27, 1987,[2] did not constitute compliance with the mandate because of its flawed understanding of "prospective" relief under section 5. Office of Consumers' Counsel, State of Ohio v. FERC ("OCC II "), 826 F.2d 1136 (D.C.Cir.1987). We reiterated that FERC was required to impose a remedy for the section 5 violations it had found, and stated that whatever remedy the Commission imposed was to be effective as of January 16, 1984--the date of FERC's finding of imprudence.
 
 
 4
 In responding to an argument advanced by Columbia about FERC's alleged lack of "power under Sec. 5 to set aside or modify clauses in producer contracts relating to nonjurisdictional gas," 826 F.2d at 1139 n. 2 (quoting Associated Gas Distribs. v. FERC, 824 F.2d 981, 1027 n. 30 (D.C.Cir.1987)), we observed that neither FERC nor Columbia had previously relied on this argument, that we were not bound by dicta from another case, and that our initial opinion had "clearly assumed ... that in imposing remedies under section 5 FERC had the power to modify Columbia's illegal take-or-pay provisions." Id. Our comments in the cited footnote, while intended to reject any intimation that footnote 30 of Associated Gas constituted the law of this circuit or affected the law of this case, were not a mandate to FERC to take any particular approach in determining the appropriate remedy for section 5 violations. Indeed, OCC II, like its predecessor, made clear that "the nature of the remedy" was a matter for the Commission. 826 F.2d at 1140.
 
 
 5
 On December 22, 1987, AGD filed a renewed motion to enforce the mandate. On January 19, 1988, while that motion was pending, FERC issued its Order Granting in Part and Denying in Part Rehearing of Commission's Order on Remand and Addressing Request for Clarification. Columbia Gas Transmission Corp., 42 F.E.R.C. p 61,021 (1988) ("Order on Remand II"). In that order, as well as in a Motion to Enlarge Mandate to Encompass Remedy, filed with this court on the same date, the Commission specified that its order was "issued subject to leave of" this court, 42 F.E.R.C. at 61,123, because the Commission had "departed from the remedial approach envisioned by this court in OCC II." Motion to Enlarge at 3. The Commission justified its action on the ground that "the remedies adopted in the remand order 'are at least as effective, if not more effective than any other remedy we could lawfully devise.' " Id.[3]
 
 
 6
 It appears that FERC may have assumed--perhaps because of a misreading of our footnote 2 in OCC II --that we intended to require the Commission to modify the offending clauses in Columbia's contracts with its producers. However, our judgment in OCC II did not purport to reach that issue. Rather, we merely noted that our decision in OCC I was rendered on the assumption that FERC had the power to modify Columbia's illegal take-or-pay provisions--since no party at that point had presented an argument to the contrary. As this litigation has unfolded, however, it has become increasingly clear that "[i]t is yet unresolved by the Commission as to whether the Commission has the authority to modify take or pay provisions in contracts for deregulated gas." Brief for Respondent FERC at 60 n. 67, OCC I.
 
 
 7
 We also recognize that the Commission may wish to avoid deciding an important, unsettled jurisdictional issue in the difficult context of this highly complex case. We have no objection to such a course if, indeed, a fully adequate remedy can be devised in this case without the necessity of reaching a decision on the permissibility of contract modification. It appears to us that such a remedy, along the lines FERC suggests, is possible here, because the consequence of FERC's proposed remedy is to cure the effects of Columbia's imprudent practices insofar as the petitioners--Columbia's customers and others affected by the price at which it sells gas--are concerned.
 
 
 8
 FERC's proposed remedy consists of two parts. First, the Commission has imposed a cap on passthrough of gas costs under contracts found abusive, or other contracts with similar provisions. Passthrough in such cases will be limited to the price of competing fuels in Columbia's service area. 42 F.E.R.C. at 61,120, 61,122. Second, in a companion order also issued on January 19, 1988, the Commission denied Columbia's application to pass through the costs it has incurred in reforming the contracts found to be abusive or imprudent. Columbia Gas Transmission Corp., 42 F.E.R.C. p 61,022 (1988). Thus, the ill effects of Columbia's imprudent contracts have been cured, so far as AGD is concerned. The Commission's two orders will ensure that it is not the petitioners who will bear the burden created by Columbia's behavior found to have been imprudent.
 
 
 9
 It is highly noteworthy that, in justifying this remedy, FERC has made it clear that Columbia will not be allowed to pass through costs paid to reform contracts that are affected by the cap:
 
 
 10
 The record in this case shows that Columbia's contracts for section 107 gas resulted in excessive gas costs, in large part, because Columbia failed to take into account the costs of the relevant competitive fuel (No. 6 fuel oil) in its market areas. As a result, these contracts pulled Columbia's gas costs out of line. Therefore, the appropriate remedy is to limit Columbia's pass through of gas costs under these contracts to the price of the competitive fuel in Columbia's market areas. By targeting these contracts, and permanently limiting the pass through of costs under these contracts, Columbia is given an incentive to renegotiate the price paid under these contracts (if it has not already done so). Moreover, as we hold in a companion order, Columbia's pass through of costs paid to reform these contracts also will be disallowed because Columbia's ratepayers should not have to pay to reform contracts that violate the standards of the Act.
 
 
 11
 42 F.E.R.C. at 61,122 (footnote omitted). We can find no fault with FERC's proposed remedy, so long as every facet remains intact. This means, for example, that the Commission may not hereafter vary its position denying Columbia passthrough of costs incurred to reform the offending contracts. Such a change of position would require FERC to reconsider entirely the appropriate remedy for the section 5 violations in this case.
 
 
 12
 AGD, the sole opponent of FERC's motion, mounts no effective attack on the adequacy of the remedy FERC proposes. Its argument is, in essence, that the Commission's remedy is inadequate simply because it is "different from [a] Section 5 remedy." AGD Response in Opposition to Motion to Enlarge Mandate at 14 (emphasis in original). First, it states, FERC's "price cap remedy" leaves Columbia's contracts with its producers intact, thus burdening only Columbia and not the producers. Id. The short--and sufficient--answer to this assertion is that this is no concern of AGD's. In the absence of any claim by a party actually injured, we will not concern ourselves with allegations by a party whose interests are not impaired. See Singleton v. Wulff, 428 U.S. 106, 113-14, 96 S.Ct. 2868, 2873-74, 49 L.Ed.2d 826 (1976).[4]
 
 
 13
 Second, AGD states that the Commission's remedy "addresses only the contract price, not the take-or-pay level found to be unjust and unreasonable." AGD Response at 14. This assertion is simply incorrect, for the evil of Columbia's high take-or-pay provisions is that they yield a higher gas cost (by forcing Columbia to cut back first on cheaper gas not covered by these contracts). See OCC I, 783 F.2d at 229. A remedy that imposes a cap on the costs Columbia can pass through to its customers quite clearly deals with the take-or-pay level found to be unjust and unreasonable.
 
 
 14
 Finally, AGD suggests that FERC's remedy is somehow flawed because it fails to cover the three-year period between January 16, 1984 (the date as of which OCC II specified that the remedy was to take effect), and April 1, 1987 (the date as of which the Commission's passthrough cap is effective). AGD Response at 14. This claim is unfounded. In 1985, Columbia and its customers entered into a comprehensive settlement, Article II of which "provides for specified settlement sales and transportation rates for the settlement period [April 1, 1985, to March 31, 1987], including a commodity rate of $3.60 per Dth, representing an 11.5 percent reduction from Columbia's [then] current commodity rate." Columbia Gas Transmission Corp., 31 F.E.R.C. p 61,307, at 61,675 (1985). "Columbia's 11.5 percent reduction in its commodity rate, from $4.07 per Dth to $3.60 per Dth, reduce[d] the total charges to be paid by Columbia's customers over the settlement period by $628 million." Id. at 61,680. As consideration for these and other benefits given to its customers, Article VII of the settlement agreement provides that "Columbia will have no refund obligation on grounds of fraud, abuse, similar grounds, or imprudence relating to any of its purchasing practices during the period March 1, 1982--March 31, 1987." Id. at 61,676.
 
 
 15
 In reviewing the provisions of the settlement agreement, the Commission found that,
 
 
 16
 [b]ecause the settlement results in immediate, direct savings close to or exceeding the refunds claimed by [those who challenged the settlement], obligates Columbia to additional transportation, and preserves the ability of the Commission to order refunds after the settlement period, we conclude that the waivers in Article VII are reasonable.
 
 
 17
 Id. at 61,681. AGD is bound by this finding, and by the waivers in Article VII of the settlement agreement. Therefore, the price cap proposed by FERC is properly limited to the period subsequent to March 31, 1987. Any remedy to which AGD is entitled for Columbia's imprudence prior to April 1, 1987, is as defined in the parties' settlement agreement.
 
 
 18
 We note that FERC's approval of the settlement agreement is currently being challenged in court. Process Gas Consumers Group v. FERC, No. 87-1620 (D.C.Cir. filed Oct. 23, 1987). Should the settlement be disapproved on review, FERC will be required to revisit the question of an appropriate remedy for the period from January 16, 1984, to April 1, 1987.
 
 
 19
 In summary, we agree with FERC that the remedies proposed in the Order on Remand II "are at least as effective, if not more effective than any other remedy [that the Commission] could lawfully devise." For this reason, we find the Commission's proposed remedies to be consistent with this court's mandate in OCC I.[5]
 
 
 20
 We note in conclusion that judicial involvement with this case is at an end. The court's mandate has issued and it has been fully clarified. What is left to be done is in the hands of the parties, subject to the lawful direction of FERC. Therefore, the panel will not entertain any further filings in connection with this case, absent a showing of truly extraordinary circumstances.
 
 
 
 [1]
 We also rejected FERC's interpretation of "abuse" under section 601(c)(2) of the Natural Gas Policy Act, 15 U.S.C. Sec. 3431(c)(2) (1982). On remand, the Commission adopted a revised test for "abuse," Columbia Gas Transmission Corp., 39 F.E.R.C. p 61,219, at 61,776-77 (1987), and in the order now at issue it determined that the practices in question were "abusive" under the revised test. Columbia Gas Transmission Corp., 42 F.E.R.C. p 61,021, at 61,119-20 (1988)
 
 
 [2]
 Columbia Gas Transmission Corp., 39 F.E.R.C. p 61,219 (1987)
 
 
 [3]
 In essence, FERC proposes a cap on passthrough of gas costs, imposed under the "abuse" provisions of NGPA section 601(c)(2), together with the denial (in another proceeding) of Columbia's application for passthrough of contract reformation costs. In describing these remedies, the Order on Remand II notes that,
 [s]ince the Commission has already found that Columbia's purchases under its contracts for NGPA Section 107 gas violated the abuse standard of NGPA Section 601(c)(2), it is unnecessary to determine whether other practices under those contracts or other terms in those contracts (beyond the high take-or-pay clauses) were unjust and unreasonable under section 5 of the NGA. A finding of imprudence is subsumed within the finding of abuse, and having found that the purchases under those contracts were abusive on one score, the Commission finds it unnecessary to examine whether they were abusive or imprudent on other grounds as well.
 
 
 [42]
 F.E.R.C. at 61,123
 
 
 [4]
 We also note that FERC reasonably assumes that, because of the price cap, "Columbia is given an incentive to renegotiate the price paid under these contracts (if it has not already done so)." 42 F.E.R.C. at 61,122
 
 
 [5]
 Several parties have indicated in their submissions to this court that they intend to pursue various objections to FERC's orders via applications for rehearing. We emphasize that our present opinion should not be construed as deciding any issue not squarely presented by FERC's motion to enlarge the mandate